## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| Allyson Bruce, | Case No.:  2:23-cv-303 |
| Plaintiff, | |
| v. | |
| First National Bank of Pennsylvania, and Experian Information Solutions, Inc. | **JURY TRIAL DEMAND** |
| Defendants. | |

Comes now Plaintiff, Allyson Bruce ("Plaintiff") by and through counsel undersigned, and upon information and belief, hereby complains as follows:

### INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.      Plaintiff is a resident of the county of Butler, Pennsylvania.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.     Defendant First National Bank of Pennsylvania ("First National") is a furnisher of consumer credit information to consumer reporting agencies and regularly conducts business in Pennsylvania.

7.     Defendant Experian Information Solutions, Inc. ("Experian") is in the business of maintaining and reporting consumer credit information for profit.

8.     Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and regularly conducts business in Pennsylvania.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant First National and Experian (collectively "Defendants") and has suffered particularized and concrete harm.

10.     Experian is one of the largest consumer reporting agencies ("CRA") as defined by 15 U.S.C. §1681a(f).

11.     The CRA's primary business is the sale of consumer reports to third parties and consumers.

12.     Experian has a duty of the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681e(b).

13.     On or about December 2022, Plaintiff discovered Defendant First National was erroneously reporting an account (the "Account") on Plaintiff's Experian reports.

14.    The Account is reporting monthly late payments for December 2019 and January 2020.

15.    Plaintiff made a timely payment on the Account in December 2019.

16.    The Account was paid off in full December 20, 2019.

17.    Because the Account was paid off in full on December 20, 2019 there was no payment due on the Account in January 2020.

18.    Despite Plaintiff's continued and timely payments on the Account, and the Account's full pay off in December 2019, Defendant First National failed to report the Account with an accurate payment history.

19.    First National's failure to report an up to date payment history on the Account is not accurate and is misleading.

20.    The current reporting by First National on the Account negatively affects Plaintiff's creditworthiness and has lowered Plaintiff's overall credit score.

21.    The First National Account's negative reporting has become a permanent component of Plaintiff's credit profile.

22.    The false information regarding the First National Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

23.    Experian published the false information regarding the Account to third parties.

## WRITTEN DISPUTE

24.     On or about December 2022 Plaintiff sent a written dispute letter to Experian (the "Dispute") disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

25.     Upon information and belief, Experian forwarded Plaintiff's Dispute to First National for reinvestigation.

26.     Upon information and belief, First National received notification of Plaintiff's Dispute from Experian.

27.     First National failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

28.     Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

29.     First National failed to instruct Experian to remove the false information reporting on Plaintiff's consumer report.

30.     Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Experian Dispute.

31.    Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer reports.

32.    At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

## COUNT I – First National

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

33.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

34.    After receiving the Dispute, First National failed to correct the false information regarding the First National Account reporting on Plaintiff's consumer reports.

35.    First National violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

36.    As a result of this conduct, action, and inaction of First National, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual

activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37.     First National's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

38.     In the alternative, First National was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

39.     Plaintiff is entitled to recover costs and attorneys' fees from First National pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

40.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

41.     After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

42.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

43.     As a result of this conduct, action and inaction of Experian Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to

reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44.    The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

45.    In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

46.    Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

47.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

48.    After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

49.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

50.     As a result of this conduct, action and inaction of Experian Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51.     The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

52.     In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

53.     Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.     Trial by jury.

2.     Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.    Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's

willful violation;

4.    The costs of instituting this action together with reasonable attorney's fees

incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

Any further legal and equitable relief as the court may deem just and proper in

the circumstances.


Respectfully submitted February 23, 2023


/s/ Matthew Gross
Matthew Gross, Esq.
Law Offices of Matthew Gross, P.C.
608 Laramie Place
Philadelphia, PA 19115
mattgrossesq@gmail.com

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff